## ANDREW FRAZIER

*v.*

## SETH GATES.

FORCIBLE DETAINER—*mortgage—foreclosure—ejectment—eviction—attornment.* Where a party executed a mortgage on real estate to secure the payment of a sum of money, remained in possession several years and till foreclosure, and permitted the land to be sold for the taxes of the year in which the mortgage was given, and the purchaser under the tax sale sued in ejectment and recovered judgment against the mortgagor who failed to give notice of the suit to the mortgagee, and a writ of possession was sued

out and the plaintiff in ejectment was put in possession, and the mortgagor leased the premises from the plaintiff in ejectment for one year, and when the mortgage was foreclosed and the land purchased by the mortgagee, the latter, after receiving a master's deed, brought forcible detainer, when the recovery and eviction in the ejectment suit was set up as a defense: *Held,* the facts showed collusion between the mortgagor and the holder of the tax title, and that constituted no defense for the mortgagor, and he must yield possession to his landlord.

APPEAL from the Circuit Court of Mercer county; the Hon. ARTHUR A. SMITH, Judge, presiding.

Mr. I. N. BASSETT and Mr. J. C. PEPPER, for the appellant.

Mr. B. C. TALIAFERRO, for the appellee.

Mr. JUSTICE SHELDON delivered the opinion of the Court:

This was an action of forcible detainer, brought by Gates against Frazier to recover the possession of a certain lot of land in the town of Keithsburg, under the act of 1861 giving such action where lands have been sold under a judgment or decree of court, and the party defendant thereto, after the expiration of the time of redemption, refuses, after demand in writing by the purchaser, to surrender possession thereof.

Gates had purchased the premises March 13, 1869, for $3294, under a decree of foreclosure of a mortgage of them, executed to him by Frazier, May 26, 1866, to secure payment of the sum of $2500 in one year, with ten per cent interest, and received the master in chancery's deed for the same, July 12, 1870.

It appeared in evidence that Frazier was living on the premises before the making of the mortgage, and that he had been living on them ever since, and that a demand in writing had been made on him by Gates to surrender possession of the property.

Frazier set up in defense a tax deed for the lot to Isaac N. Bassett, dated July 20th, 1869, under a sale thereof May 27,

1867, for the taxes of 1866, a judgment in ejectment at the October term, 1869, in favor of Bassett and against Frazier, for the premises, and a writ of possession under it of the date of November 11, 1869, with the sheriff's return thereon of having executed the same by taking possession of the premises and delivering the same to Bassett November 13, 1869, and a lease thereof from Bassett to Frazier for the term of one year from November 13, 1869.

It was agreed that Frazier did not notify Gates of the ejectment suit, and let judgment go against himself by default, and that Gates did not have any knowledge of the pendency of the ejectment suit.

At the June term, 1870, on motion of Gates and John H. Gear, a new trial was granted in the ejectment suit on payment of costs.

This suit was commenced before a justice of the peace July 20, 1870, taken by appeal to the circuit court and there tried by the court without a jury. The issue was found for the plaintiff, Gates, and judgment rendered in his favor, from which Frazier has prosecuted this appeal.

Had Frazier, the mortgagor, been the tenant of Gates, the mortgagee, he would have been guilty of bad faith in not giving the latter notice of the pendency of the ejectment suit, and could not refuse to deliver the possession to Gates on the ground that he held under, or had acquired, the title of Bassett, the plaintiff in ejectment, under the decision of this court in *Lowe* v. *Emerson*, 48 Ill. 161. It is there said, if the tenant neglects his duty to give such notice under such circumstances, and a judgment of eviction is recovered against him in the ejectment suit and he attorns to the plaintiff, when called upon by the landlord to surrender back the possession, he can not be permitted to refuse to do so under the plea that he has been evicted under a paramount title under which he now claims to hold.

The relation subsisting between mortgagee and mortgagor, where the latter is left in possession, is anomalous, and its

precise character is not settled. It was discussed to some extent in *Carroll* v. *Ballance*, 26 Ill. 9, and there said that the mortgagee may consider the mortgagor as his tenant for some purposes.

In *Moss* v. *Gallimore*, 1 Dougl. 282 (269,) Lord MANSFIELD said: "A mortgagor is not properly a tenant at will to the mortgagee, for he is not to pay him rent. He is so only *quodam modo*."

Whether Frazier is to be considered as the tenant of Gates so as to bring this case within the decision in *Lowe* v. *Emerson*, or not, the omission by Frazier to give Gates notice of the pendency of the ejectment suit, is a circumstance among others which goes to mark the conduct of Frazier with bad faith. Frazier, the mortgagor, should have paid the taxes, instead of which he suffered the property to be sold for the taxes of the very year in which he executed the mortgage. He has, ever since, and before the mortgage, been in the actual occupation of the premises. The constitution of the State required Bassett, before he should be entitled to a tax deed, to serve every person in possession of the lot with a written notice of his purchase of the same for taxes three months before the expiration of the time of redemption on the sale. It is quite incredible, under the circumstances, that Bassett could have got a tax title to the lot, valuable as it was, without collusion between himself and Frazier. The latter suffered the judgment to be recovered against him by default, and on the very day the sheriff executes the writ of possession Frazier takes from Bassett a lease of the premises.

From all the circumstances, the court that tried the case might well have been authorized to find that there was a collusive surrender of the possession of Frazier to the claimant of the tax title in order to defeat the recovery of possession by Gates. If so, Frazier did not fairly yield his possession to Bassett, and he is bound, by the obligation of good faith arising from his deed of mortgage, to surrender up the possession

he now holds, to Gates, to whom it rightfully belongs as against Frazier, by virtue of his title acquired under the mortgage.

The judgment of the court below is affirmed.

*Judgment affirmed.*